UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO REYES,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF INDIAN AFFAIRS; UNITED STATES DEPARTMENT OF THE INTERIOR, OFFICE OF THE SOLICITOR; JESSICA ROGERS, in her capacity as FOIA Public Liaison of Indian Affairs; RYAN ZINKE, in his official capacity and as Secretary of the United States Department of the Interior,<br><br>    Defendants. | Case No.: 17-cv-1612-AJB-NLS<br><br>**ORDER GRANTING PLAINTIFF'S IFP MOTION**<br><br>**(Doc. No. 2)** |

The Court has reviewed plaintiff Emilio Reyes' complaint and motion to proceed in forma pauperis, and for the reasons stated herein, **GRANTS** Reyes' motion.

## I.   MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay

1

the entire fee only if the plaintiff is granted leave to proceed IFP. 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All IFP actions must include an affidavit, signed under penalty of perjury, and a statement of all assets showing an inability to pay initial fees or give security. CivLR 3.2.a.

Here, Reyes' employment at Premier Dealer Services provides his sole income source of $2,500 per month. He calculates his monthly expenses total $2,500, which is partly allocated to supporting his two minor nieces. The Court finds Reyes' application demonstrates he is unable to pay the requisite fees and costs. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (stating that one need not be "absolutely destitute to enjoy the benefit of the [IFP] statute"). Accordingly, the Court finds Reyes meets the § 1915(a) requirements and **GRANTS** Reyes' IFP motion.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own dismissal motion before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim"). Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts . . . ." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (citation omitted).

Here, Reyes seeks access to twenty responsive documents to his Freedom of Information Act request. (Doc. No. 1 ¶ 46, 49.) Reyes alleges the Bureau of Indian Affairs wrongly failed to release these documents, and that he has exhausted all administrative remedies available in a good faith effort to procure them. (*Id.* ¶¶ 49-54, 55.) Reyes seeks declaratory and injunctive relief. (*Id.* at 1, 11.) The Court recognizes Reyes necessarily exhausted all his administrative remedies before bringing his instant claim, and that the burden of proof rests with the Bureau to sustain its own actions. 5 U.S.C. § 552(a)(6)(A);

5 U.S.C § 552(a)(4)(B). Furthermore, the relief Reyes seeks is appropriate and within this Court's jurisdiction to grant. 5 U.S.C § 552(a)(6)(B). Therefore, the Court finds Reyes' allegations provide Defendants with sufficient information regarding his claim; as such, the complaint is sufficient to survive the Court's sua sponte screening.

### III. MARSHAL SERVICE

In cases involving an IFP plaintiff, a United States Marshal, upon order of the Court, must serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."); *Benny v. Pipes*, 799 F.2d 489, 493 n.4 (9th Cir. 1986) (permitting "service by a Marshal for," *inter alia*, "a person proceeding *in forma pauperis*").

Based on the Court's ruling, the Court **DIRECTS** the Court Clerk to issue the summons, provide Reyes with a certified copy of both this order and his complaint, (Doc. No. 1), and forward them to Reyes along with a blank United States Marshal Service Form 285 for each Defendant named in the complaint. Upon receipt of this "IFP Package," the Court **DIRECTS** Reyes to complete Form 285 and forward them to the U.S. Marshals. Upon receipt, the U.S. Marshals will serve a copy of the complaint and summons upon each Defendant as directed on Form 285. The United States will advance all costs of service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's IFP motion, (Doc. No. 2), and **DIRECTS** the Clerk of Court to issue a summons as to complaint.

IT IS SO ORDERED.

Dated: September 18, 2017

Hon. Anthony J. Battaglia
United States District Judge

3

17-cv-1612-AJB-NLS