UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO REYES,<br><br>                          Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et. al.<br><br>                        Defendants. | Case No.: 17cv01612 JAH-RBB<br><br>**ORDER DIRECTING DEFENDANTS TO LODGE MATERIALS FOR IN CAMERA REVIEW** |

      Pending before the Court is Defendants' motion for summary judgment. Courts considering a motion for summary judgment in a Freedom of Information Act ("FOIA") case conduct a two-step inquiry. See Berman v. CIA, 501 F.3d 1136, 1139 (9th Cir. 2007). The first step assesses whether the agency demonstrates it met its obligation under FOIA to conduct an adequate search for responsive records. See Zemansky v. U.S. EPA, 767 F.2d 569, 571 (9th Cir. 1985). If the agency meets the initial burden, the second step requires the court to consider whether the agency adequately demonstrates that any information not disclosed is protected by at least one of the enumerated exemptions. See 5 U.S.C. § 552(a)(4)(B); U.S. Dep't of State v. Ray, 502 U.S. 164, 173 (1991). To prevail on summary judgment in a FOIA proceeding, where the underlying facts and inferences

are construed in favor of the FOIA requester, an agency must prove that it has met both burdens.  <u>Nat'l Res. Def. Council</u>, 388 F. Supp. 2d at 1095.

Defendants maintain they are entitled to judgment because the search was reasonable and they properly applied exemption (b)(6).  Defendants submit affidavits and a <u>Vaughn</u> Index[1] in support.  Upon review of the affidavits and <u>Vaughn</u> Index, the Court finds Defendants include specific information supporting the adequacy of the search conducted.  However, the descriptions of the information withheld and the reasons provided in support of the applicability of Exemption 6 are too general.  They are not sufficiently specific to permit this Court to determine whether the exemption was properly applied.  The Court, in its discretion, will conduct an *in camera* review of the withheld materials.  5 U.S.C. § 552(a)(4)(B); <u>NLRB v. Robbins Tire & Rubber Co.</u>, 437 U.S. 214, 224 (1978); <u>Favish v. Office of Indep. Counsel</u>, 217 F.3d 1168, 1174 (9th Cir. 2000); <u>Lewis v. I.R.S.</u>, 823 F.2d 375, 378 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED Defendants shall lodge the materials withheld for *in camera* review **on or before April 30, 2020**.

DATED:    April 20, 2020

_____
JOHN A. HOUSTON
United States District Judge

---

[1] "[G]overnment agencies seeking to withhold documents requested under the FOIA have been required to supply the opposing party and the court with a 'Vaughn index' identifying each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption."  <u>Wiener v. F.B.I.</u>, 943 F.2d 972, 977 (9th Cir. 1991) (citing <u>King v. U.S. Dep't of Justice</u>, 830 F.2d 210, 223 (D.C. Cir. 1987)).