UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO REYES,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et. al.<br><br>　　　　　　　　　Defendants. | Case No.:  17cv01612 JAH-RBB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br>**[Doc. No. 29]** |

## BACKGROUND

Plaintiff, Emilio Reyes, submitted requests under the Freedom of Information Act ("FOIA") online to the Indian Affairs-BIA FOIA Office on March June 15, 2017 and June 23, 2017.  Complaint ¶ 2, 46; ¶ Long Decl. ¶ 4.  The two requests sought

> records pertaining to the 1928 California Indian applications of deceased individuals Lena Mae (Montes) Lawson, Frances (Montes) Adams and Cleveland Richard Adams. In the same request, Plaintiff seeks records of Lena Mae (Montes) Lawson, relating to the Departments consideration of her enrollment and membership eligibility in the Miwok Tribe, including her application under the revised roll of the Act of 1948.

Complaint ¶ 3, 46-48; see also Long Decl. ¶ 4.  The Bureau of Indian Affairs ("BIA") combined the requests under FOIA BIA-2017-01494.  Complaint ¶¶ 2, 4, 46; Long Decl. ¶ 4.  Defendant BIA performed a search of potentially responsive documents in response

1

to Plaintiff's requests. Long Decl. ¶¶ 5, 6. The search revealed a total of 20 pages of responsive documents. Complaint ¶ 4, 49; Long Decl. at ¶ 6. The BIA reviewed the responsive documents and determined that 6 pages would be released in full, and 14 pages would be redacted and/or partially released. Long Decl. at ¶ 6. On July 11, 2017, Plaintiff submitted an administrative appeal to the Department of the Interior ("DOI"). Complaint ¶ 53.

Plaintiff filed the instant action on August 10, 2017. Defendants filed an answer on November 29, 2017 and filed the pending motion for summary judgment on April 23, 2019. Plaintiff filed an opposition and Defendants filed a reply. Deeming the motion suitable for disposition without oral argument, the Court took the matter under submission.

Upon further review of the parties' submissions, the Court found the descriptions of the information withheld and the reasons provided in support of asserted exemption too general and directed Defendants to lodge the <u>redacted or partially released documents</u> for *in camera* review. Defendants lodged the materials as directed by the Court.

## LEGAL STANDARD

Summary judgment is properly granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

FOIA actions are most commonly resolved by summary judgment. <u>See</u> <u>Animal Legal Def. Fund v. U.S. Food & Drug Admin.</u>, 836 F.3d 987, 989 (9th Cir. 2016) (*en banc*); <u>Nat'l Res. Def. Council v. U.S. Dep't of Def.</u>, 388 F. Supp. 2d 1086, 1094 (C.D. Cal. 2005). Courts considering a motion for summary judgment in a FOIA case conduct a two-step inquiry. <u>See</u> <u>Berman v. CIA, 501 F.3d 1136</u>, 1139 (9th Cir. 2007). The first step assesses whether the agency demonstrates it met its obligation under FOIA to conduct an adequate search for responsive records. <u>See</u> <u>Zemansky v. U.S. EPA</u>, 767 F.2d 569, 571 (9th Cir.

1985).  An agency can demonstrate it met its obligations by showing that it "conducted a search reasonably calculated to uncover all relevant documents." Id. (quoting Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  "An agency can demonstrate the adequacy of its search through reasonably detailed, nonconclusory affidavits submitted in good faith."  Id.  If the agency meets the initial burden, the second step requires the court to consider whether the agency adequately demonstrates that any information not disclosed is protected by at least one of the enumerated exemptions.  See 5 U.S.C. § 552(a)(4)(B); U.S. Dep't of State v. Ray, 502 U.S. 164, 173 (1991).

To prevail on summary judgment in a FOIA proceeding, where the underlying facts and inferences are construed in favor of the FOIA requester, an agency must prove that it has met both burdens.  Nat'l Res. Def. Council, 388 F. Supp. 2d at 1095.

## DISCUSSION

Defendants argue they are entitled to summary judgment because the BIA's search was reasonable, the BIA properly applied exemption (b)(6) and complaints regarding delay are moot.  Plaintiff argues the exemption was not properly applied and his complaints regarding delay are not moot.

**I. Reasonable Search**[1]

Defendants argue the BIA performed a thorough search of potentially responsive documents to respond to Plaintiff's requests.  They maintain the BIA identified the category of potential records, Record Series 3700 Tribal Government, and searched in every format using search methods and terms tailored to the requests and in all files reasonably expected to contain the requested records.  To the extent that Plaintiff challenges the search based on his assertion that Defendants should review a particular

---

[1] The Court previously found the search reasonable as required when it determined *in camera* review of the materials was necessary.  The discussion is included here to provide details supporting the Court's finding of a reasonable search.

employee's work product, Defendants maintain, that information is subsumed in the BIA's search for responsive records.

Plaintiff sets forth no argument challenging the adequacy of the search.

Defendants provide an affidavit of Erika Howard, attorney advisor in the Indian Trust Litigation Office of the Office of the Solicitor, DOI which includes the Vaughn index[2] relevant to Plaintiff's FOIA requests.  Additionally, Defendants provide an affidavit from Harley Long, a Tribal Government Officer for the DOI, BIA, whose duties include reviewing and processing FOIA requests received in the Pacific Regional Office.  The Long declaration demonstrates records maintained by the BIA relevant to Native American Tribal affiliation and enrollment fall under Record Series 3700 Tribal Government and are maintained by the Pacific Regional Office.  Long Decl. at ¶ 2.  The BIA's records are maintained either in paper format in a hard copy filing system or electronic form in Progeny ES, an electronic date management system.  Id. ¶ 3.  Long attests to reviewing records under Record Series 3700 Tribal Government contained in paper filing systems or Progeny ES in response to Plaintiff's FOIA requests which included the Agency's California Indian rolls, all records identified on the branch File Maintenance & Disposition Plan which include the Indian Affairs Records Schedule - 3700 Series - Tribal Government; 1950 judgment reference books and the 1972 Judgement Fund Roll books.  Id. ¶ 5. The search used the following terms:  "1928 California Indian," application number "9686," "Lena Mae Montes (Lawson)," "revised roll," "1948," "membership," "enrollment," "Miwok," "Cleveland R Adams," "#7405," "'Frances M Adams," and "#7406" and took approximately one (1) hour.  Id.  The search located 20 pages of responsive documents.

---

[2] "[G]overnment agencies seeking to withhold documents requested under the FOIA have been required to supply the opposing party and the court with a 'Vaughn index' identifying each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption."  Wiener v. F.B.I., 943 F.2d 972, 977 (9th Cir. 1991) (citing King v. U.S. Dep't of Justice, 830 F.2d 210, 223 (D.C. Cir. 1987)).

1  Id. All files that were reasonably expected to contain the requested records were searched.
2  Id. ¶ 6.
3       The Court finds Defendants meet their burden to show they conducted a search
4  reasonably calculated to uncover all relevant documents.

**II. Exemption 6**

6       FOIA contains exemptions an agency may invoke to protect certain documents from
7  public disclosure. Minier v. Cent. Intelligence Agency, 88 F.3d 796, 800 (9th Cir. 1996)
8  (citing 5 U.S.C. § 552(b)). "Where the government withholds documents pursuant to one
9  of the enumerated exemptions of FOIA, 'the burden is on the agency to sustain its action.'"
10 Id. (quoting 5 U.S.C. § 552(a)(4)(B)). Defendants maintain they withheld certain materials
11 pursuant to Exemption 6. Exemption 6 protects from disclosure "personnel and medical
12 files and similar files the disclosure of which would constitute a clearly unwarranted
13 invasion of personal privacy." 5 U.S.C. § 552(b)(6). "The Supreme Court has defined
14 'similar file' broadly as government records containing 'information which applies to a
15 particular individual.'" Minnis v. Dept. of Agriculture, 737 F.2d 784, 786 (9th Cir. 1984)
16 (quoting United States Dep't of State v. Washington Post Co., 456 U.S. 595, 602
17 (1982)). When determining whether the exemption was properly applied, courts must
18 balance personal privacy interests against the public interest in disclosure. Department of
19 Air Force v. Rose, 425 U.S. 352, 372-73 (1976).

20      Defendants maintain the documents Plaintiff seeks include 14 pages of applications
21 for enrollment in Indian tribes and the withheld information consisted of names, dates of
22 birth, addresses and tribal affiliation. Plaintiff asserts he is entitled to certain records
23 relating to individuals who are deceased but, Defendants argue, privacy interests are
24 diminished, not eliminated, by an individual's death. Additionally, they contend, if
25 disclosed, the information would reveal the personal heritage and ethnicity of the
26 individuals' living relatives. Defendants argue disclosure of such information could lead
27 to harassment, discrimination, embarrassment, and any other negative effects that could
28 come from revealing such intimate details. In support of the asserted privacy interest,

Defendants rely on the discussion regarding the personal and sensitive nature of documents submitted by groups seeking tribal enrollment in Envt. L. Indian Country § 1:10, Indian Tribes in U.S. environmental law—Freedom of Information Act (FOIA) (2018) which cites to Quinault Indian Nation v. Deer, 232 F.3d 896 (9th Cir. 2000), an unpublished opinion that affirmed a district court's order upholding the BIA's decision to withhold certain membership documents under FOIA Exemption 6.

Defendants further argue the information at issue here reveals little or nothing on how the DOI carries out its mission. They maintain the release of the information would only tell the public who a particular tribal member or applicant is and reveal other personal information about him/her which falls outside the scope of a public interest under FOIA. Defendants contend the significant privacy interests in withholding the information outweighs the non-existent public interest.

In opposition, Plaintiff contends the declarations fail to establish a significant privacy interest that would be threatened by disclosure of these records. He maintains the records are available in the public domain of the National Archives and the World Wide Web on Ancestry.com. As such, he argues, disclosure of such information could not lead to harassment, discrimination, embarrassment, or any other negative effects. Plaintiff further maintains when a FOIA requestor seeks records about another person, the requestor may receive greater access by submitting proof that the person either consented to the release of the records to the requestor, or the requestor provides proof of death. Additionally, he maintains some federal agencies have established "the 72-Year Rule" which permits the release of records and correspondence involving individuals over 72 years of age who are likely no longer living and less likely to be personally damaged by the release of information.

Plaintiff also contends he and members of the public have demonstrated a public interest exists because the records sought pertains to Native American records, researching and correcting tribal affiliations and blood degrees. He also contends the withheld records

are not predominantly internal, and do not relate solely to trivial administrative matters nor would their release risk circumvention of any law or regulation.

In reply, Defendants argue FOIA case law recognizes the difference between obtaining a document on the internet and obtaining a document from an agency of the United States which retains the ability to apply privacy exemptions to information which was not officially released by the agency. They contend Plaintiff fails to show there is permanent public record of the exact records he requested as required by the FOIA. Defendants also maintain Plaintiff generally points to birth, death, and marriage records as sources of information available to the public but the mere fact that some of the information may be known to some members of the public does not negate the individual's privacy interest in preventing further dissemination to the public at large. Even if the exact same records are in the public domain, Defendants argue Plaintiff fails to show that he identified those records to the agency at the time of his request. In addition, Defendants argue a privacy interest still exists to prevent further dissemination.

Defendants also contend Plaintiff's reliance on the purported "72-Year Rule" by the National Archives is misplaced because federal agencies use different benchmarks to consider a person deceased when weighing privacy considerations, and privacy interests are diminished, not eliminated, by an individual's death.

According to the Vaughn Index, the BIA partially withheld an application for enrollment under the Act of May 18, 1928 for Cleveland R. Adams and an application for enrollment under the Act of May 18, 1928 for Frances M. Adams and her minor children, Ernest and Allen, under Exemption 6 because they contained names, dates of birth, addresses, and tribal affiliation. Defendant asserts a privacy interest in the intimate details of an individual's and deceased individual's family members' personal heritage and ethnicity disclosure of which could lead to harassment, discrimination, or embarrassment. This Court reviewed the documents *in camera* and confirms they contain personal information of individuals other than Plaintiff. Plaintiff argues the withheld information can be obtained through United States' repositories available in the public domain and he

suggests the privacy interests are eliminated by relying on rules of other agencies which assume after a number of years a person is no longer living and there is no interest in keeping the information private.

The Court is not persuaded that the privacy interests of the living relatives are somehow diminished or eliminated by the possibility the information is available elsewhere to the public. See U.S. Dep't of Def. v. Fed. Labor Relations Auth., 510 U.S. 487, 500 (1994) ("An individual's interest in controlling the dissemination of information regarding personal matters does not dissolve simply because that information may be available to the public in some form."). To the extent Plaintiff argues Defendants waive their right to withhold the information because they "officially acknowledged" the information, the argument fails because Plaintiff fails to demonstrate applicability of the official acknowledgment doctrine. "[P]ublic availability of the information does not, on its own, trigger application of the official-acknowledgement doctrine." Civil Beat Law Ctr. for the Pub. Interest, Inc. v. Centers for Disease Control & Prevention, 929 F.3d 1079, 1087 (9th Cir. 2019). The official acknowledgement doctrine requires Plaintiff show the information requested is as specific as the information previously released, matches the information the information previously disclosed, and was already made public through an official and documented disclosure. Id. (quoting ACLU v. U.S. Dep't of Def., 628 F.3d 612, 620-21 (D.C. Cir. 2011)). Plaintiff presents no facts or argument to support these requirements. The Court finds the significant privacy interests remain.

Plaintiff asserts a public interest correcting tribal affiliations and blood degrees. The relevant public interest in a FOIA action "is the extent to which disclosure would serve the 'core purpose of the FOIA,' which is 'contribut[ing] significantly to public understanding of the operations or activities of the government.'" U.S. Dep't of Def. v. Fed. Labor Relations Auth. Reporters Comm., 510 U.S. 487, 495 (1994) (quoting U.S. Dep't of Justice, 489 U.S. at 775). The privacy interests of the living relatives outweigh the public interest in the information. Accordingly, the exemption was properly applied.

//

## III. Delay

Defendants argue Plaintiff's claim based on delay is moot because the agency has processed the requested records and delay is not a basis to deny summary judgment.

In opposition, Plaintiff contends the BIA's behavior in delaying and denying records is retaliation because he is vocal on many Native American issues, he is a BIA watchdog and he is involved in the movement of Stop Tribal Genocide and Stop Disenrollment. Plaintiff maintains the DOI's 2018 annual report shows the BIA has invoked Exemption 6 about 342 times for 1,736 requests processed in the fiscal year.

Plaintiff also argues Defendants have implemented an impermissible practice of noncompliant responses to FOIA requests and as such, complaints regarding unreasonable delays are not moot. He asserts he brought multiple actions in this district pursuant to FOIA and argues, unless enjoined, Defendants will continue to violate his rights and the rights of others.

Defendants contend Plaintiff alleges patterns of alleged retaliation against him for the first time in his opposition, but he failed to allege a policy or practice cause of action in his complaint. They argue Plaintiff cannot be awarded any relief, and Defendant cannot be denied judgment, based on a claim which was never plead.

This Court agrees. A thorough review of Plaintiff's complaint demonstrates he did not assert a claim based upon a pattern or practice. His complaint merely alleges delays in responding to his FOIA requests. Defendants do not dispute that the responses to Plaintiff's requests were untimely. Instead, Defendants argue any claims based on their untimely responses are moot because they processed Plaintiff's records requests and properly applied the exemption. Generally, an agency's production of all non-exempt information, "however belatedly, moots FOIA claims." Yonemoto v. Dept. of Veterans Affairs, 686 F.3d 681, 689 (9th Cir.2011) (citations and internal quotation marks omitted), *overruled on other grounds*; see also Civil Beat Law Center for the Public Interest, Inc. v. Centers for Disease Control & Prevention, 929 F.3d 1079, 1085 (9th Cir. 2019). As discussed

above, Defendants demonstrate they properly applied Exemption 6 to the withheld materials. As such, Plaintiff's claims based on delay are moot.

## CONCLUSION AND ORDER

Based on the foregoing IT IS HEREBY ORDERED:

1. Defendants' motion for summary judgment is **GRANTED**;
2. Plaintiff's application for an extension of time (Doc. No. 31) is **DENIED as moot**.[3]

DATED: May 11, 2020

_____
JOHN A. HOUSTON
United States District Judge

---

[3] Plaintiff filed an application seeking additional time to file his opposition. Plaintiff filed his opposition before this Court ruled on his application.